■ In the Matter of the Estate of Rocky H. Aoki, Also Known as Hiroaki Aoki, Deceased. Keiko Ono Aoki, Respondent, v Kana Aoki Nootenboom et al., Appellants, et al., Respondent. [913 NYS2d 152]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered December 28, 2009, which, in a probate proceeding, to the extent appealed from, denied objectants' motion to extend the end date for disclosure to October 15, 2010 and to delete limitations on the number and identity of the persons to be deposed, unanimously affirmed, without costs.

It appears that appellants, who assert that trial preparation, "particularly with respect to the objection of undue influence, requires extensive, time consuming and unpredictable discovery," are on the "proverbial 'fishing expedition' " (*Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 342 [1997]). For example, when objectants asked to depose specific witnesses, they were given a fair opportunity to do so, but now claim a

need to depose some of the hundreds of people listed in the decedent's funeral sign-in book and address book, which, we note, have been in their possession since March and October 2009, respectively. The challenged restrictions on disclosure are reasonable (*see Jenkins v McKeithen*, 395 US 411, 429 [1969]; CPLR 3103 [a]). We have considered appellants' other arguments and find them unavailing. Concur—Friedman, J.P., Freedman and Manzanet-Daniels, JJ.

Nardelli and DeGrasse, JJ., dissent in a memorandum by Nardelli, J., as follows: Since I believe that the original discovery schedule, which called for a termination of discovery within 45 days of the order, unduly constrained the objectants from proceeding in an efficacious and orderly manner, I dissent.

Inasmuch as the Court has the power to substitute its discretion for that of the trial court in discovery matters (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]), I believe, at this juncture, it would be provident to grant objectants leave to request, within 20 days of this order, those items of discovery they contend are still outstanding, and to direct that such discovery, including depositions, be completed within 45 days thereafter. Upon completion of such discovery, leave to reargue the order granting summary judgment should be granted.